IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Danny Mark Williams,<br><br>         Petitioner,<br><br>v.<br><br>Warden Napier, *Edgefield FCI*,<br><br>         Respondent. | C/A No. 8:25-cv-3342-JFA-WSB<br><br><br>**OPINION AND ORDER** |

### I.  INTRODUCTION

Petitioner Danny Mark Williams, ("Petitioner"), proceeding pro se, brings this action for habeas corpus relief under 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After reviewing the petition, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that the petition is subject to summary dismissal because Petitioner has failed to exhaust his administrative remedies within the BOP. (ECF No. 12). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Petitioner filed objections to the Report on June 16, 2025. (ECF No. 17). Thus, this matter is ripe for review.

1

## II. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error

in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 12). In short, Petitioner is challenging the BOP's failure to properly credit him with time served in custody prior to receiving his current federal sentence. The Magistrate Judge recommends that the petition be dismissed because Petitioner has failed to exhaust his administrative remedies.

In response to the Report, Petitioner has set forth two objections. In general, the first objection challenges the conclusion that Petitioner should be required to fully exhaust his administrative remedies before being allowed to proceed in this court. In his second objection, Petitioner avers that "the BOP cannot be relied upon to follow the law." (ECF No. 17, p. 1).

Petitioner's first objection avers that he should not be required to exhaust his administrative remedies because the process is a futility. Petitioner avers that he sent a letter to the Designation and Sentence Computation Center ("DSCC") in Grand Prairie which declined to grant him the relief requested. Petitioner is incorrect that this letter shows futility of the administrative process. As laid out in the Report, the BOP has a four-step administrative grievance process, including an informal resolution process. *See* 28 C.F.R. §§ 542.10 *et seq.*; BOP Program Statement 1330.18, Administrative Remedy Program. The Record indicates that Petitioner filed a Form BP-8 which is the first step in the process. However, he has failed to pursue any of the remaining three steps. Sending a letter to the DSCC is not a substitute for complying with the required administrative procedures. Although Petitioner avers that the "DSCC is the ultimate authority within the BOP to make and adjust sentence computations," he is incorrect. The final step in the administrative process involves an appeal to the General Counsel in Washington D.C. via a Form BP-11. Petitioner admits he has not proceeded past filing a Form BP-8 in this action.

"[E]xhaustion of remedies within the BOP would allow Petitioner to build a record and give the BOP the opportunity to give a reasoned decision that Petitioner could then challenge in court, if necessary." *Roy v. FCI Bennettsville's Warden, Joseph*, C/A No. 2:23-cv-01778-MGL-MGB, 2023 WL 8194679, at *4 (D.S.C. Sept. 14, 2023), *R&R adopted by* 2023 WL 8189331 (D.S.C. Nov. 27, 2023). This is precisely the type of case which requires a fully developed administrative record so that the Court may properly evaluate the BOP's calculation of Petitioner's sentence. Accordingly, Petitioner's objection is overruled.

Next, Petitioner avers that the BOP simply cannot be trusted. He supports this argument with excerpts from recent publications but offers no law or factual support related to the instant claims. This argument is frivolous and lacks merit. The BOP is the organization charged with executing Petitioner's sentence and he has failed to show why it "cannot be relied upon to follow the law." Accordingly, Petitioner's objections are overruled.

IV.  **CONCLUSION**

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 12). For the reasons discussed above and in the Report, the Petition is dismissed without prejudice and without requiring the Respondent to file an answer or return.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

IT IS SO ORDERED.

June 25, 2025 Columbia,
South Carolina

Joseph F. Anderson, Jr.
United States District Judge